**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

In re Arby's Restaurant Group, Inc.
Data Security Litigation


CONSOLIDATED FINANCIAL
INSTITUTION CASE

Case No. 1:17-cv-55555
Master Docket

Case No. 1:17-cv-00514
Financial Institution Case

**ORDER APPROVING CLASS ACTION SETTLEMENT AND DIRECTING
NOTICE TO SETTLEMENT CLASS**

This matter is before the Court on the Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and Memorandum of Law, [Doc. 307] (the "Motion"), of Plaintiffs Fort McClellan Credit Union, Midwest America Federal Credit Union, and Gulf Coast Bank & Trust Company. Terms not defined herein shall have the meaning set forth in the Settlement Agreement. [Doc. 307-2].

Financial institutions including Plaintiffs Fort McClellan Credit Union, Midwest America Federal Credit Union, and Gulf Coast Bank & Trust Company (the "Original Named Plaintiffs") filed the Financial Institution Plaintiffs' Consolidated Class Action Complaint on May 19, 2017. [Doc. 51]. In that Complaint, the Original Named Plaintiffs alleged various claims against Defendant Arby's Restaurant Group, Inc. ("Arby's") arising out of the installation by computer hackers of malware on

1

Arby's network to access the point-of-sale systems at certain Arby's locations that was publicly disclosed by Arby's in February 2017 (the "Intrusion"). The Complaint included claims for negligence and negligence per se, seeking monetary, injunctive, and declaratory relief based upon Arby's allegedly inadequate data security in connection with the Intrusion.

On March 5, 2018, following briefing and a hearing, the Court issued an Order, [Doc. 139], denying Arby's motion to dismiss the Consolidated Class Action Complaint. Fort McClellan Credit Union, Midwest America Federal Credit Union, Gulf Coast Bank & Trust Company, and Alcoa Community Federal Credit Union (the "Financial Institution Plaintiffs") filed the operative First Amended Consolidated Class Action Complaint (the "Financial Institutions Complaint") on August 3, 2018. [Doc. 190]. On May 24, 2019, Alcoa Community Federal Credit Union moved to voluntarily dismiss its claims against Arby's. [Doc. 465].  That motion was granted on June 12, 2019, dismissing Alcoa Community Federal Credit Union's claims with prejudice. [Doc. 481].

Settlement Class Counsel have conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations, and have engaged in sufficient discovery to assess the merits of the claims set forth in the Financial Institutions Complaint and Arby's liability and defenses thereto. The Settlement Class Representatives, by and through Settlement Class Counsel, and Arby's, by and through Arby's Counsel, have entered into the Settlement Agreement

2

following good faith, arm's length negotiations conducted in substantial part in mediation overseen by Hunter R. Hughes III, in which the Parties have agreed to settle this action pursuant to the terms of the Settlement. Having reviewed the Settlement Agreement, and all prior proceedings herein, and for good cause shown, it is hereby ordered that the Motion is GRANTED as set forth herein. [Doc. 307].

1.      **Defined Terms.** For purposes of this Final Approval Order, the Court adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein. [Doc. 307-2].

2.      **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e), the Court certifies a class in this matter defined as follows:

> All United States-based issuers of Visa and MasterCard payment cards that issued at least one Alerted-On Payment Card and do not validly request exclusion from the Settlement Class.

The Court finds that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no

interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of the Action and the claims made in the Financial Institutions Complaint.

3.    **Settlement Class Representatives and Settlement Class Counsel.** The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of and adequate to represent the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(2)(A). The Court finds that the following firms and individuals are adequate counsel and hereby appoints them as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g):

James J. Pizzirusso
**HAUSFELD LLP**
1700 K. Street, NW Suite
650
Washington, DC 20006

Karen Hanson Riebel
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

Brian C. Gudmundson
**ZIMMERMAN REED LLP**
1100 IDS Center, 80 South 8th St

Minneapolis, MN 55402

4.    **Final Settlement Approval**. Upon final review, the Court finds that the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to Class Members and accordingly is approved.

5.    **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. 332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

6.    **Final Approval Hearing**. A Final Approval Hearing was held on July 30, 2020 at 1:00 p.m. in Courtroom 1705 before this Court, located at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303, to determine, among other things, whether: (a) the Action should be finally certified as a class action for settlement purposes pursuant to the class definition set forth above in Section 2; (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e); (c) the Financial Institutions Complaint should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) the Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of the Settlement Class Representatives for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for Service Payments (the "Service Payments

Request," and together with the Fee Request, the "Application") should be approved.

The submissions of the Parties in support of final approval of the Settlement were filed on June 30, 2020, thirty (30) days prior to the Final Approval Hearing and may be supplemented up to seven (7) days prior to the Final Approval Hearing.

The Application shall be filed with the Court at least twenty-one (21) days prior to the deadline for submission of Objections, as defined in Section 11 herein.

7.    **Administration**. The Court appointed KCC Class Action Services LLC as the Settlement Administrator, with responsibility for class notice and claims administration. Fees and expenses of the Settlement Administrator shall by paid by Arby's pursuant to its agreement with the Settlement Administrator, as provided in the Settlement.

8.    **Notice to the Class**. The plan for notification of Class Members set forth in Section 4.1 of the Settlement Agreement, the Notices attached to the Settlement Agreement as Exhibits 4 and 5, and the Claim Form attached as Exhibit A to the Distribution Plan, which is Exhibit 1 to the Settlement Agreement, are hereby approved.

9.    **Findings Concerning Notice**. The Court finds that the form, content, and method of giving notice to the Class Members as described in the Notice Plan: (a) constituted the best practicable notice of the Settlement to the Class Members; (b) was reasonably calculated, under the circumstances, to apprise Class Members of the

pendency of this Action, the terms of the Settlement, and their rights under the Settlement, including but not limited to their rights to object to the Settlement or exclude themselves from the Settlement Class; (c) were reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) met all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that both Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

10.    **Exclusion from Class.** The procedures for Class Members to request to be excluded from the Settlement Class and for the handling of such requests set forth in Section 4.3 of the Settlement Agreement are hereby approved. No later than fourteen (14) days before the Final Approval Hearing date, the Settlement Class Representatives filed the then-operative Opt-Outs Report with the Court. To the extent there was any dispute between the Parties regarding any determination made in the Opt-Outs Report filed with the Court, the Parties presented such dispute to the Court for resolution no later than seven (7) days before the Final Approval Hearing.

11.    **Objections and Appearances**. Any Settlement Class Member who complies with the requirements of this section could have objected to the Settlement, the Service Payments Request, and/or the Fee Request (an "Objection"). However, no Settlement Class Members Objected.

Because Final Judgment is now being entered, any Settlement Class Member that failed to make an Objection in the manner prescribed herein is deemed to have waived its Objections and shall be barred from making any such Objections related to the Financial Institutions Complaint or in any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof, including any approval in the Final Judgment of the Settlement Agreement, the Service Payments Request, and/or the Fee Request.

12.    **Claims Process and Distribution Plan.** The Settlement Agreement contemplated a claims process for assessing and determining the validity and value of Claims and a methodology for calculating payment to Settlement Class Members who submit a Valid Claim Form. The Court approves the Distribution Plan attached to the Settlement Agreement as Exhibit 1 and directed that the Claim Form, or its substantial equivalent, be made available to Settlement Class Members in the manner specified in the Notice Plan. Arby's shall pay administration and class notice costs incurred by, including fees and expenses of, the Settlement Administrator in accordance with Arby's agreement with the Settlement Administrator, as set forth in the Settlement Agreement.

Settlement Class Members who submitted a Claim Form in accordance with the requirements and procedures specified in the Notices and the Claim Form qualify to receive the benefits from the Settlement Agreement. All Settlement Class Members who qualify for any benefit under the Settlement but failed to submit a Claim in

accordance with the requirements and procedures specified in the Notices and the Claim Form shall be barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement and the Final Judgment.

13.     **Termination of Settlement.** If the Settlement is terminated in accordance with Section 8.1 of the Settlement Agreement, this Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of November 13, 2019, including with respect to any deadlines existing in the action as of November 13, 2019. In such event, the Settlement and Settlement Agreement shall be of no further force and effect, except that the provisions in Sections 8.2, 10, 12.2, and 12.8 of the Settlement Agreement shall survive, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any other purpose.

14.     **Use of Order**. This Order shall not be construed or used as an admission, concession, or declaration by or against Arby's of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense of claims he, she, or it may have in this litigation or in any other lawsuit.

**IT IS SO ORDERED** this 20th day of November, 2020.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE